IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY, *et al.*, | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
| v. | )   CASE NO. 2:25-cv-798-ECM |
| | ) |
| MAX FEDERAL CREDIT UNION, | ) |
| | ) |
|    Defendant. | ) |

**O R D E R**

On May 21, 2025, the Court declared Plaintiff Gregory Kelly a vexatious litigant "as a consequence of Kelly's vexatious filing of shotgun pleadings" and further ordered that "in the event Kelly files a shotgun pleading in the future, after appropriate review, the Court will summarily dismiss the pleading and action without prejudice." (Doc. 52 at 2 in *Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, 2:24-cv-348-RAH-JTA (M.D. Ala.)). On September 12, 2025, Gregory Kelly and Annette B. Kelly (collectively, the "Kellys"), proceeding *pro se*, filed a civil action in this Court which the Court found to be a shotgun pleading. (*See* docs. 1, 5 in *Kelly v. Montgomery Real Estate, LLC, et al.*, 2:25-cv-733-MHT-JTA (M.D. Ala.)). On September 17, 2025, the Court warned Annette B. Kelly that, "should she join in any other shotgun complaint filed by Gregory Kelly in this or any other action, the action may be summarily dismissed without prejudice and without further opportunity to amend." (Doc. 5 at 7 in *Kelly v. Montgomery Real Estate, LLC, et al.*, 2:25-cv-733-MHT-JTA (M.D. Ala.)) (emphasis omitted).

On October 3, 2025, the Kellys filed this civil action against MAX Federal Credit Union ("Defendant"). On December 22, 2025, the Magistrate Judge entered a Recommendation that the Defendant's motion to dismiss and for sanctions (doc. 6) be granted to the extent that the Kellys' complaint be dismissed because it is a shotgun pleading and because the Kellys failed to comply with Court Orders. (Doc. 12). On December 29, 2025, the Kellys filed a motion to strike the Recommendation and motion for appointment of a Special Master, which the Court in its discretion construes as objections to the Recommendation. (Doc. 13). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Kellys' objections, the Court concludes that the Kellys' objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed without prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order

2

to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

Construing the objections liberally, the Kellys object to the Recommendation on the grounds that it was "motivated by racial and political animus," and because, according to the Kellys, their complaint is not a shotgun pleading. The Kellys support their inflammatory allegation of racial and political animus towards the Court with little more than fantastical, delusional ramblings which do not warrant further discussion. Additionally, assuming without deciding that the Kellys' objection to the shotgun pleading finding is sufficiently specific to warrant *de novo* review, the Court has little trouble concluding that the Kellys' complaint is a shotgun pleading and otherwise frivolous. Consequently, the Kellys' objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Kellys' objections (doc. 13) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 12) is ADOPTED;

---

[1] While the Court recognizes that *Macort* is nonprecedential, the Court finds it persuasive.

3. The Defendant's motion to dismiss and for sanctions (doc. 6) is GRANTED to the extent that this case is DISMISSED without prejudice. The motion (doc. 6) is DENIED in all other respects;

4. All pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 2nd day of February, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE